[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 22, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12225
Non-Argument Calendar

_____

D. C. Docket No. 05-00343-CR-T-26-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 22, 2007)**

Before BIRCH, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Joseph Williams appeals his 72-month sentence for conspiracy to commit

wire fraud, arguing that the court improperly determined that he played an organizational/leadership role in the offense. After a thorough review of the record, we affirm.

Williams pleaded guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349. In his plea colloquy, Williams admitted that he and two co-conspirators, Paul Rennie and Charles Bartolomeo, prepared a fraudulent business plan for a fictitious company called Horizon Group International ("HGI"), which they falsely portrayed as a large, successful construction and development company. The purpose of the scheme was to entice investors to loan the company money, which the conspirators would keep for themselves by offering as collateral over $15,000,000 in heavy construction equipment that the company did not actually own. The business plan named Williams as president of HGI, Rennie as vice president, and Bartolomeo as a certified public accountant ("CPA"), which he was not.

All three co-conspirators traveled throughout the United States making false representations about the fraudulent business plan. Bartolomeo misrepresented himself as a CPA to potential investors in Arizona, vouching for the assets and financial health of HGI. Williams met an employee of a victim investor at a construction yard in Florida, where he falsely represented the equipment in the

2

yard as belonging to HGI. In total, the co-conspirators obtained $2,450,000 from three investors, with Bartolomeo receiving $35,000, and Williams and Rennie splitting the rest.

The probation officer prepared a presentence investigation report ("PSI"), assigning a base offense level of 6, pursuant to U.S.S.G. § 2B1.1(a), with a 16-level increase under § 2B1.1(b)(1)(I) because the amount of loss was between $1,000,000 and $2,500,000. The PSI then applied a two-level role increase, pursuant to U.S.S.G. § 3B1.1(c), finding that Williams was a manager, organizer, and leader in the criminal conduct. According to the probation officer, Williams paid an employee's wife, who was a bank teller, to represent falsely to investors that she was HGI's banker and that its business plan accurately represented HGI's financial state. Williams's total offense level of 21 and criminal history category of III yielded an advisory guideline sentencing range of 46 to 57 months imprisonment. Williams objected to the role enhancement.

At the sentencing hearing, Williams argued that HGI was a small organization, the members of which shared equal culpability and leadership, and his title of president of HGI did not actually mean that he had decision-making authority. The district court overruled Williams's objection, noting that Williams received a large portion of the money and recruited the bank teller to assist in the

3

fraud. After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), the court sentenced Williams to 72 months imprisonment. Williams now appeals, challenging the application of the enhancement for his role in the offense and arguing that his sentence is unreasonable.

We review a district court's application of an enhancement for a defendant's role as a leader or organizer under U.S.S.G. § 3B1.1 for clear error. United States v. Phillips, 287 F.3d 1053, 1055 (11th Cir. 2002). After Booker,[1] the district court is still required to correctly calculate the guidelines range and this court reviews a defendant's ultimate sentence for reasonableness. United States v. Lee, 427 F.3d 881, 892 (11th Cir. 2005), cert. denied, 126 S.Ct. 1447 (2006); United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005); United States v. Crawford, 407F.3d 1174, 1179 (11th Cir. 2005).

The Sentencing Guidelines provide for a two-level increase in the offense level if the defendant "was an organizer, leader, manager, or supervisor" in an offense with more than one participant. U.S.S.G. §3B1.1(c). In determining the defendant's role in the offense, the district court should consider:

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and

---

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

4

scope of the illegal activity, and the degree of control and authority exercised over others.

U.S.S.G. § 3B1.1 comment. (n.4). This court has held that "the assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement." United States v. Jiminez, 224 F.3d 1243, 1251 (11th Cir. 2000); see also United States v. Mandhai, 375 F.3d 1243, 1248 (11th Cir. 2004) (applying enhancement to defendant who recruited a single person).

In this case, we conclude that Williams's argument is without merit because the evidence was sufficient to support a finding that he served as an organizer and leader. Williams and one co-conspirator received the bulk of the fraudulently attained money, leaving a small fraction for the other co-conspirator. U.S.S.G. § 3B1.1 comment. (n.4). Moreover, Williams admitted recruiting the bank teller in furtherance of the fraud, supporting a finding that he acted in a leadership role. Id.

Williams argues that the scope of his illegal activity was equaled or surpassed by the illegal activity of co-conspirator Bartolomeo, and therefore, he could not have been found to be a leader or organizer. As the commentary makes clear, however, there can be more than one person in a offense occupying organizational and leadership roles. See U.S.S.G. § 3B1.1 comment. (n.4). Regardless of his co-conspirators' conduct, Williams's recruitment of the bank teller into the offense and his directing her to make fraudulent representations was

5

sufficient to support the enhancement.  See Jiminez, 224 F.3d at 1251.

Therefore, we conclude that the district court properly applied the enhancement and that the sentence imposed was reasonable.  Accordingly, we **AFFIRM.**